OPINION OF THE COURT
F. Dana Winslow, J.
The plaintiffs’ motion and the defendant’s cross motion, both pursuant to CPLR 2221 for leave to reargue a prior motion and cross motion, dated December 5, 1997 resulting in a decision and order of this court, dated March 31, 1998, are granted, and upon reargument said motion and cross motion are determined as follows:
The motion and cross motion of the defendants are granted only to the extent of dismissing those allegations in the complaint predicated on breach of warranty claims, which claims were untimely asserted as determined by this court’s March 31, 1998 order. However, the claims based on negligence and strict products liability accrued as of the date of the plaintiffs’ injuries (see, Blanco v American Tel. & Tel. Co., 90 NY2d 757; Victorson v Bock Laundry Mach. Co., 37 NY2d 395) and the plaintiffs have raised sufficient questions of fact concerning such negligent manufacture and design as to withstand the defendants’ respective motions for summary judgment. In this regard, the claims based on the negligent design and manufacture of the ladder and strict products liability, which allegedly caused the injuries complained of, remain, and the motion and cross motion for summary judgment on these claims, is denied.
In addition, the defendant Allied Building Products Corporation, as a retailer, raises the contention that it is entitled to indemnity over and against the manufacturer of the allegedly defective ladder. The court agrees. The only claims remaining relate to defects in manufacture and design and there has been no showing that the retailer could have reasonably discovered such alleged defect. While this defendant is chargeable with and is under a duty to exercise reasonable care in the handling of its products, which care includes warning about discoverable hazards, here, no showing has been made establishing that Allied was either aware of such defects or could have discovered them (see, Guyot v Al Charyn, Inc., 69 *568 AD2d 79, 92, 93, 94). Accordingly, Allied Building Products Corporation’s motion for indemnification over and against defendant Chesebro-Whitman Co. is granted.